·BUXTON *v.* JONES.

DEEDS — CANCELLATION — EXCHANGE OF LAND — MISREPRESENTATIONS.

One who exchanged city property for a farm cannot have the transaction set aside for misrepresentations as to the cost, value, and productiveness of the land, where he visited the land in company with his father before making the exchange, and apparently relied on the latter's judgment as to its productiveness and value, and afterwards occupied the land for three years without making any complaint.

Appeal from Wayne; Daboll, J., presiding. Submitted April 20, 1899. Decided July 5, 1899.

Bill by Elmer E. Buxton and Rhoda Buxton against Charles B. Jones and Charlotte Jones to set aside certain conveyances. From a decree dismissing the bill, complainants appeal. Affirmed.

*E. S. Clarkson*, for complainants.

*Park & Shields*, for defendants.

LONG, J.  The bill in this cause was filed to set aside a conveyance made by complainants to defendants of certain property in Detroit, and to set aside and cancel a note and a mortgage given by complainants to defendants on land in Huron county which had been conveyed to complainants by defendants.  It appeared that complainants owned a house and lot in Detroit, which they wished to trade for a farm.  They heard of some land in Huron county, and complainant Elmer E. Buxton went to see it.  Soon after, Charles B. Jones, having heard of this trip of complainant to see this land, came with one Binkle to Detroit to see about a trade for his (Jones') land.  The parties at this time talked about an even exchange of properties, as each claimed that his property was worth $2,250.  Soon after this talk, complainant Buxton and his father went to see the defendants' land, in Huron county, and met defendant Jones and Mr. Binkle there.  It was while there, upon the land, that the complainants contend that the defendant made the false representations respecting the land.  It is claimed —

1. That defendant Jones fraudulently misrepresented the value of the land, saying it was worth $30 per acre.

2. That he fraudulently misrepresented the original cost of it.

3. That he fraudulently misrepresented the productiveness of the soil, especially for crops of hay and wheat, saying that it would produce $2\frac{1}{2}$ tons of hay per acre.

4. That Binkle was the agent of defendant, but, by his professions of friendship, led the complainants to believe that he was acting in their interests.

The cause was heard below on proofs taken in open court, and the bill dismissed.  Complainants appeal.

It appeared on the hearing below that, before the complainants made this exchange, the father of complainant Elmer E. Buxton went with him to the farm, and care-

fully examined it; that they stopped overnight with Binkle before going to the farm, and took him with them to see it. The defendants testified that Binkle was not their agent in the transaction; that they made no representations that the land would produce $2\frac{1}{2}$ tons of hay per acre, but that the only statement made was that, if the land was worked right, it would produce a fair, average crop. After complainants went into possession of the farm, they continued to work it for over three years without any complaint. They then attempted to sell it, but claim they could not sell it for the amount allowed for it in the trade, and then commenced the present suit.

We have examined the case with some care, and think the court below reached the correct conclusion. The evidence in the case does not convince us that the complainants have made out a case by their proofs which would warrant a decree setting aside these conveyances. No fraud is proved, and what was said about the value of the farm was but the expression of an opinion. The complainant saw the premises, took his father with him, and apparently relied upon his judgment as to its productiveness and value.

It appears that the Detroit property had a mortgage on it for $750, and, to make the trade, the complainants executed a mortgage on the Huron county lands to take the place of it. It is this mortgage which is attempted to be set aside, and which the court below refused to do.

The decree of the court below must be affirmed, with costs to defendants.

The other Justices concurred.